UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LINDA RICCITELLI, on behalf of herself and all others similarly situated,

    Plaintiff,

-against-

JOHNSON CONTROLS INC.,

    Defendant.

---

Case No.:

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, et seq., Defendant Johnson Controls, Inc. ("JCI"), by and through their attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., files this Notice of Removal with respect to the case identified as *Linda Riccitelli, on behalf of herself and all others similarly situated v. Johnson Controls, Inc.*, Index No. 152782/2024, from the Supreme Court of the State of New York, County of New York. In support of this Notice, JCI states as follows:

**TIMELINESS OF REMOVAL**

1. On or about March 26, 2024, Plaintiff Linda Riccitelli ("Plaintiff") filed a Summons and Complaint with the Supreme Court State of New York, County of New York. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

2. Plaintiff's Complaint asserts that JCI wrongfully is failing to pay her sales commissions she claims she has "earned." She asserts claims for breach of contract (Count I), violation of the New York Labor Law ("NYLL") (Count II) and unjust enrichment (Count III). *See* Ex. A.

3. On April 9, 2024, Plaintiff served the Summons and Complaint upon JCI.

4. This Notice of Removal is timely filed because such notice is filed within thirty (30) days after JCI was first served with the Summons and Complaint. *See* 28 U.S.C. §§ 1446(b)(3).

## VENUE

5. The Supreme Court of New York, County of New York, is located in the United States District Court for the Southern District of New York.

6. Therefore, venue for purposes of removal is proper under 28 U.S.C. § 1446(a) because the Southern District of New York is the district court for the district and division within which the Complaint is pending.

## BASIS FOR REMOVAL: DIVERSITY OF CITIZENSHIP

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), in that it is a civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

8. At the time this action was commenced, Plaintiff was a resident and citizen of the State of New York. (Ex. A., ¶21).

9. JCI is not a citizen of the State of New York within the meaning of 28 U.S.C. § 1332(c)(1). As Plaintiff acknowledges in her Complaint, JCI is a Wisconsin corporation with its principal place of business in the State of Wisconsin. (Ex. A, ¶¶23, 29). A true and correct copy of the Declaration of Jennifer Connolly is attached hereto as Exhibit B, ¶¶ 3, 4.

10. In the Complaint, Plaintiff claims damages in excess of the $75,000 threshold under 28 U.S.C. § 1332(a), because she asserts that her accrued backlogged commissions as of September 2023 was approximately $100,000. (Ex. A., ¶87). In addition, Plaintiff seeks liquidated

damages and attorneys' fee under the NYLL. (Ex. A., ¶19 and Wherefore Clause at pp. 18-19). *See Scherer v. Equitable Life Assurance Soc'y,* 347 F.3d 394, 397 (2d Cir. 2003) (noting the burden to show a reasonable probability that a claim exceeds the jurisdictional limit is "hardly onerous").

11. Accordingly, this case is a civil action that is based upon diversity of citizenship, and is therefore one which may be removed from the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1441(b).

12. JCI will serve copies of this Notice of Removal upon Plaintiff and file a copy with the Clerk of the Supreme Court of the State of New York, County of New York, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1446(d).

13. WHEREFORE, Defendant respectfully notifies Plaintiff and this Court of the removal of this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated:    New York, New York
          April 29, 2024

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: */s/ Jocelyn A. Merced*
    Jocelyn Merced
    599 Lexington Avenue, 17th Floor
    New York, New York 10022
    Email: Jocelyn.merced@ogletree.com

TO:   Ryan Eden, Esq.
      Zabell & Collatta, P.C.
      1 Corporate Dr., Suite 103
      Bohemia, NY 11716
      *Attorneys for Plaintiff*

Clerk of Court
Supreme Court of the State of New York
New York County
60 Centre Street, Room 161
New York, New York 10007
*(with Notice to State Court of Removal of Action to Federal Court)*